UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
PETER M. D'AMBRUOSO,                )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   C.A. No. 18-582 WES
                                    )
STATE OF RHODE ISLAND,              )
                                    )
        Respondent.                 )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is the State of Rhode Island's Motion to Dismiss Peter M. D'Ambruoso's Petition for Writ of Habeas Corpus by a person in state custody under 28 U.S.C. § 2254. For the reasons that follow, the Motion to Dismiss, ECF No. 8, is GRANTED and the Petition for Writ of Habeas Corpus ("Federal Pet."), ECF No. 1, is DENIED and DISMISSED.

I. Background

On April 29, 2010, Petitioner D'Ambruoso pled nolo contendere to one count of breaking and entering in violation of R.I. Gen. Laws § 11-8-5. J. of Conviction and Commitment, ECF No. 8-3; Mem. in Supp. of State's Mot. to Dismiss Pet. for Writ of Habeas Corpus ("State's Mem.") 1, ECF No. 8-1. Petitioner received an eight-year sentence, with two years to serve, retroactive to October 7, 2008, six years suspended, and six years of probation. Id. On

1

August 11, 2010, Petitioner was released from the Adult Correctional Institute ("ACI") for completing his incarceration term, receiving additional credit for good behavior. State's Mem. 1-2.

On May 25, 2017, the Rhode Island Superior Court found Petitioner in violation of his probation, executing two and one-half years of the six-year suspended sentence. Id. at 2. Petitioner did not directly appeal the probation violation. Id. Rather, Petitioner filed a motion to vacate his sentence and judgment with the Rhode Island Superior Court, which was denied. See Mot. to Vacate Sentence and J. ("Mot. to Vacate"), ECF No. 8-6; Criminal Case Action, ECF No. 8-7. Petitioner then filed a petition for writ of habeas corpus with the Rhode Island Supreme Court, pro se, which also was denied. Pet. for Writ of Habeas Corpus Ad Subjiciendum ("State Habeas Corpus Pet."), ECF No. 8-8; Sept. 24, 2018 R.I. Supreme Court Order, ECF No. 8-9. Finally, Petitioner filed a habeas petition with this Court. See Federal Pet.

Petitioner's federal petition is based on two grounds: due process and breach of contract. Id. Petitioner argues that the May 2017 Superior Court Judgment was an "illegal violation of a probation sentence" and a "breach of contract," because his probation period should have "expired" on October 7, 2016, eight

years after his initial incarceration at the ACI on October 7, 2008.[1] Id. at 2, 6-7.

The State moves to dismiss Petitioner's due process claim under 28 U.S.C. § 2254 for failure to exhaust state remedies, arguing that Petitioner never gave the Rhode Island state courts a fair opportunity to review his due process issue. State's. Mem. 6. The State reasons that neither Petitioner's Motion to Vacate nor Petitioner's State Habeas Corpus Petition mention due process. Id. The State further moves to dismiss Petitioner's breach of contract claim on the basis that it is solely a question of state law, inappropriate for habeas review. Id. at 7-8. Petitioner did not file an objection to the Motion to Dismiss.

II. Discussion

28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991)(citation omitted). Preliminarily, this Court notes that it will only

---

[1] Petitioner reasons that two years of incarceration, starting retroactively on October 7, 2008, plus six years of probation commencing on October 7, 2010, results in a probation termination date of October 7, 2016. See Federal Pet. 2, 6-11.

3

consider Petitioner's due process claim since Petitioner's breach of contract claim concerns a matter of state law inappropriate for federal habeas review.  See id.

A writ of habeas corpus "shall not be granted unless it appears that. . .the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1).  The Exhaustion Doctrine prevents federal courts from overturning state convictions on constitutional grounds without first giving the state courts a "full and fair opportunity" to correct such a violation.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  "In other words, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  Rivera v. Wall, 333 F. Supp. 3d 47, 54 (D.R.I. 2018) (quoting O'Sullivan, 526 U.S. at 845).  "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case."  Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

The First Circuit provides "fairly generous" rules about proper presentation of a federal issue.  Goodrich v. Hall, 448 F.3d 45, 47-48 (1st Cir. 2006).  A petitioner need not use "precisely the same terms" in both state and federal court in order to fairly present a claim.  Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). A petitioner may, for example: "(1) cit[e] a

specific provision of the Constitution; (2) present[] the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) rel[y] on federal constitutional precedents; [or] (4) claim[] a particular right specifically guaranteed by the Constitution." Goodrich, 448 F.3d at 48 (quoting Barresi, 296 F.3d at 52). However, "mere incantation[s] of constitutional buzzwords, unaccompanied by any federal constitutional analysis, [do] not suffice to carry the burden of demonstrating fair presentment of a federal claim." Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997).

At both the Rhode Island Superior and Rhode Island Supreme Courts, petitioner failed to cite the due process clause of the Constitution, mention the words "due process," or direct the courts to the Fourteenth Amendment. State Habeas Corpus Pet. 1-3; Mot. to Vacate. Petitioner brought his Motion to Vacate in the Rhode Island Superior Court under Rules 35 and 36 of the Rhode Island Superior Court Rules of Criminal Procedure, citing exclusively to state law. See Mot. to Vacate. Although Petitioner maintained that his original sentence "ha[d] expired," his supporting memorandum provided no analysis or further explanation that would lead a court to conclude that a federal due process argument was made. Id.; Mem. of Law in Supp. of the Def.'s Mot. to Correct an Illegal Sentence Pursuant to Rule 35 of the R.I. Super. Ct. Rules

5

of Crim. P. 1-4, ECF No. 8-4. Petitioner consistently focused on state sentencing laws and contract principles. See id. Similar language was used throughout the State Habeas Corpus Petition, making his claim insufficient to alert the Rhode Island Supreme Court of his due process issue. See State Habeas Pet.

Accordingly, the Petitioner has failed to exhaust his due process claim.

III. Conclusion

For the foregoing reasons, the Court GRANTS the State's Motion to Dismiss, ECF No. 8, and DENIES and DISMISSES D'Ambruoso's Petition for Writ of Habeas Corpus, ECF No. 1.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: November 5, 2019